Johnston, On.
delivered the opinion of the 'Court.
Though the subjects embraced in this appeal are numerous, it is deemed necessary to take notice of only the three or four of them that were regarded of importance in the argument.
And, first, the claim of Reeves as surety of the testator. The opinion expressed in the decree of June, 1848, meets the approbation of this Court. We deem it unnecessary to add any thing to the reasoning of the Chancellor on this point: and merely refer, for additional authority, to the case of King vs. Aughtry, (3 Strob. Eq. 149) in which a surety who paid off a joint judgment against himself and his principal, after the principal’s death, was declared entitled to have it set up, in equity, against his estate.
With respect to costs. This Court is satisfied that the direction to allow the costs of this suit out of the estate was correct, and according to usage. With regard to the costs incurred at law, by both parties, it is necessary to distinguish between those incurred before, and those incurred after the 15th-of June, 1843. It now appears that, after the order of the 34th of June, 1843, which was brought to the view of the Chancellor, (and which merely provided for calling in the creditors,) another order, dated the next day, was passed by Chancellor Johnson, enjoining them from proceeding at law. The creditors who sued after that order, were in contempt; and, so far from being entitled to ask this Court to give them costs, are liable to an order that they pay all the costs, of both parties, in those suits: and it is so ordered.
With respect to costs of suits brought before the order of injunction, the determination must depend upon other principles. It is ruled at law, in .the case of Hutchinson vs. Bates, (1 Bail. 111) that the cost part of judgments obtained against insolvent estates, (such as this of Palmer, which with the addition of the *147 realty, is not good for hardly a tenth part of the debts) forms no part of the judgment against the assets. To allow them that effect, would not only entitle the suing creditor to take the proportion of assets properly assignable to his demand, but to absorb the proportions of other creditors, in payment of his costs.
Upon the principles of that case, the creditors who sued at law before the injunction, are not entitled to their costs out of the estate. If any of them are entitled to them against the executor personally, it must be owing to his mis-pleading, (of which the commissioner will enquire, on further reference;) and, in that case, he must bear the consequences.
The view now taken, shows that the allowance to the executor of his costs at law, out of the estate, was unnecessary and improvident, and so much of the decree is overruled.
The only remaining question relates to the judgment, the lien of which is claimed by the plaintiff, in consequence of the payments made by him to the Bank as surety of his testator. In the investigation, which the Chancellor allowed to be made at the instance of creditors, the burden of clearing up the transaction should have been thrown on the plaintiff; and it is so ordered.
It is ordered that the decree of June, 1848, be reformed according to this opinion, and in all other respects that it be affirmed : that the decree of Chancellor Dunkin be set aside; and that the reports be re-committed to the commissioner for further investigation upon the points above indicated, aad to be reformed according to the foregoing directions.
Dunicin and Dargan, CO. concurred.

Decree reformed.